United States District Court
District of Minnesota

| | |
|---|---|
| Shakata Jones,<br><br>    Plaintiff,<br><br>v.<br><br>Central Credit Services, Inc., Jim Price, and Does 1-10,<br><br>    Defendants. | Court file no. _____<br><br><br><br>**Complaint**<br><br>**JURY TRIAL DEMANDED** |

## Jurisdiction

1. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") in their illegal efforts to collect a consumer debt.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper because the acts and transactions occurred in Minnesota, Plaintiff resides here, and Defendants transact business here.

## Parties

4. Plaintiff Shakata Jones is a natural person who resides in Minneapolis, Minnesota, and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Central Credit Services, Inc., (hereinafter "Defendant CCS") is a collection agency operating from an address of 9550 Regency Square Blvd., Suite 500, Jacksonville, FL 32225, with a registered agent in Minnesota of C T Corporation System Inc., 100 South 5th Street #1075, Minneapolis, MN 55402, Defendant CCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

6. Defendant Jim Price, (hereinafter "Defendant Price") is a natural person employed by Defendant CCS at all relevant times, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

7. Defendants Does 1-10 are each a natural person employed by Defendant CCS at all relevant times, and are each a "debt collector" as defined by 15 U.S.C. § 1692a(6).

### Factual Allegations

8. On or before 2010, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely a student loan in the approximate amount of $2,500-$5,500 which was used by Plaintiff for personal, family, and household purposes.

## *Defendants Harass Plaintiff*

9. On or about February 15, 2012, Plaintiff received a collection letter from Sallie Mae in regards to the debt.

10. In an effort to resolve the debt, Plaintiff contacted Sallie Mae to discuss a potential payment plan.

11. Plaintiff was informed she needed to call Defendant CCS and was provided the phone number for Defendant CCS.

12. Later that day, Plaintiff called Defendant CCS and this call became an effort to collect this debt, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

13. Plaintiff spoke with an unidentified debt collector employed by Defendant CCS.

14. Plaintiff attempted to make payment arrangements on the debt, or words to that effect.

15. Defendant CCS's debt collector told Plaintiff that there were no payment arrangements and she needed to pay the entire amount, or words to that effect.

16. Plaintiff explained she had just filed bankruptcy and could not pay the entire amount, or words to that effect.

17. Defendant CCS's collector told Plaintiff that her file was closed, or words to that effect.

18. Defendant CCS's collector then abruptly hung up on Plaintiff.

19. Plaintiff felt upset and frustrated after the call. Because this debt was not included in her bankruptcy, she wanted to resolve it.

20. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), among others.

### Defendants Call Back and Harass Plaintiff Again

21. Later that day, Defendant CCS called Plaintiff back and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

22. Plaintiff spoke with an unidentified debt collector employed by Defendant CCS.

23. Defendant CCS's debt collector told Plaintiff that his boss let him reopen her account, or words to that effect.

24. Defendant CCS's debt collector then offered Plaintiff a payment plan of $1,000 down and $150 per month, or words to that effect.

25. Defendant CCS's debt collector had previously told Plaintiff she needed to pay the full amount and a payment plan was not an option.

26. Plaintiff told Defendant CCS's debt collector that she did have that kind of money, or words to that effect.

27. Defendant CCS's debt collector then asked for a post-dated check, or words to that effect.

28. Plaintiff then told Defendant CCS's debt collector she would try and get the requested amount, or words to that effect.

29. Defendant CCS's debt collector then hung up on Plaintiff.

30. After the call, Plaintiff felt frustrated, upset, and annoyed by Defendant CCS's debt collector.

31. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), among others.

### *Defendant Price Misleads Plaintiff*

32. On or about July 12, 2012, Plaintiff spoke with Defendant CCS's debt collector, Defendant Price, and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

33. Plaintiff requested the promissory note for the debt, or words to that effect.

34. Defendant Price told Plaintiff the promissory note was "something she would have had to keep up with" or words to that effect.

35. Defendant Price explained that they did not have the promissory note, or words to that effect.

36. Defendant Price then offered a settlement of $3,500, but said there was no payment plan, or words to that effect.

37. Defendant Price then explained Defendants were screening her account for legal placement, or words to that effect.

38. To date, Plaintiff has not been contacted by an attorney regarding this matter, and has not been sued regarding this alleged debt.

39. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), and 1692e(10), among others.

### *Defendant Price Misleads Plaintiff Again*

40. On or about July 18, 2012, Plaintiff spoke with Defendant Price and this call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

41. Defendant Price told Plaintiff they were willing to reopen her account if she wanted to settle, or words to that effect.

42. Plaintiff again explained she wanted to see the promissory note, or words to that effect.

43. This phone call was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(10), among others.

### *Defendants Send the Promissory Note*

44. On or about July 23, 2012, Plaintiff received a letter from Defendants, this letter was call was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

45. The letter contained what appears to be part of the promissory note for the debt.

46. Defendants had previously explained they did not have this document.

47. This was the only written correspondence that Plaintiff received from Defendant CCS.

48. This letter did contain the proper notices required by 15 U.S.C § 1692g et seq. (the "g-notice").

49. Specifically, the letter does not state the consumer has the right to dispute the debt within thirty (30) days.

50. This letter was a collection communication in violation of numerous and multiple provisions of the FDCPA, including, but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), and 1692g, among others.

## Summary

51. All of the above-described collection communications made to Plaintiff by Defendants, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

52. The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this alleged debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

53. Plaintiff has suffered actual damages as a result of Defendants' illegal conduct in the form of anger, emotional distress, frustration, upset, amongst other negative emotions.

54. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of emotional distress on the part of Plaintiff.

## Trial by Jury

55. Plaintiff is entitled to and hereby respectfully demand a trial by jury. US Const. Amend. 7; Fed. R. Civ. P. 38.

## Causes of Action

### Count 1:
### Violations of the Fair Debt Collection Practices Act
### 15 U.S.C. §§ 1692 et seq.

56. Plaintiff incorporates the foregoing paragraphs as though fully stated herein.

57. The foregoing intentional and negligent acts and omissions of Defendant CCS constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692–1692p.

58. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant CCS.

## Prayer for Relief

**Wherefore**, Plaintiff prays that judgment be entered against each and every Defendant for:

## Count 1:
## Violations of the Fair Debt Collection Practices Act
## 15 U.S.C. §§ 1692 et seq.

- statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be determined at trial;

- costs of litigation and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

- and, for such other and further relief as may be just and proper.

[signature follows]

Respectfully submitted,

**The Ryder Law Firm, LLC**

Date: February 12, 2013_____          s/Randall P. Ryder_____
Randall P. Ryder (#389957)
2701 University Ave SE, #209
Minneapolis, MN 55414

phone • 612.424.3770
fax • 612.605.3270
e-mail • email@theryderlawfirm.com

**Barry, Slade, Wheaton & Helwig, LLC**
Christopher S. Wheaton, Esq.
Attorney I.D.#0389272
2701 University Avenue SE, Suite 209
Minneapolis, Minnesota 55414
Telephone:  (612) 379-8800
Facsimile: (612) 605-2102
cwheaton@lawpoint.com

**Attorneys for Plaintiff**

## Verification of Complaint and Certification

STATE OF MINNESOTA            )
                              ) ss
COUNTY OF HENNEPIN            )

Pursuant to 28 U.S.C. § 1746, Plaintiff Shakata Jones having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 2-8-2013

Shakata Jones